ROBERT L. BLAND, Judge.
Claimant, a resident of Pennsylvania, engaged in the drilling of wells for the production of oil and gas, seeks in this pro *95 ceeding an award for the sum of $578.35 for refund of gasoline tax paid on 11,567 gallons of gasoline purchased between June 3, 1944 and October 8, 1944, while drilling a gas well at Sisler, near Terra Alta, in Preston county, West Virginia, not used on highway. His petition for such refund was filed in this court on February 2, 1945, from which it appears that he did not make application to the state tax commissioner for refund until January 12, 1945, more than sixty days after purchase, on which account refund was not made to him by that department.
In the case of Del Balso Construction Company v. State Tax Commissioner, 1 Ct. Claims (W. Va.) 15, we held as follows:
“An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as provided by general law, when it appears from the general law that it is the policy of the Legislature to deny payment of such refunds unless such application is filed as prescribed by the statute permitting refunds on gasoline used for certain specific purposes.”
Such holding was followed in re claim No. 404, State Construction Company v. State Tax Commissioner, in which case an opinion was filed February 2, 1945.
In re claim No. 324, Joseph Harvey Long et als v. State Tax Commissioner, we held:
“The Court of Claims is without jurisdiction to extend the time fixed by statute to make application for refund of excess income tax paid. Such income taxpayer is obliged to avail himself of the remedy provided by law for relief.”
When preparing the docket for hearing of claims at the present term of this court it was ascertainéd and so held that the instant claim was not prima facie within its jurisdiction, and therefore the court declined to place it upon the trial calendar.